**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| CHERYL KOBLESKI, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> v.<br><br>BONDED COLLECTORS OF WISCONSIN, INC.,<br><br>   Defendant. | Case No.: 17-cv-262<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Cheryl Kobleski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a medical debt.

5. Defendant Bonded Collectors of Wisconsin, Inc. ("BCW") is a Wisconsin corporation with its primary offices located at 2425 Airport Road, Portage, Wisconsin 53901.

6. BCW is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. BCW is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. BCW is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around September 26, 2016, BCW mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Divine Savior Healthcare Inc" ("DSHC"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was allegedly incurred for medical services.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A contains the following text:

> We have attempted to resolve this balance. Presently no agreement exists. PLEASE MAIL PAYMENT IN FULL TODAY or call us to discuss payment arrangements.

Exhibit A.

12. Exhibit A is confusing to the unsophisticated consumer.

13. Exhibit A states that "presently no agreement exists" and demands "PAYMENT IN FULL TODAY."

14. This language is inherently or apparently contradictory.

15. Debts are created by agreements – contracts are a subset of agreements. If "no agreement exists," then the Plaintiff does not owe a debt at all.

2

16. The statement in <u>Exhibit A</u>: "presently no agreement exists" and the immediate demand for "PAYMENT IN FULL TODAY" are gratuitous, inherently confusing to the consumer and an unfair collection practice.

17. BCW's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the purported debt.

18. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

19. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of—the character, amount, or legal status of any debt."

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

21. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

22. Plaintiff had to spend time and money investigating <u>Exhibit A</u> and the consequences of any potential responses to <u>Exhibit A</u>.

23. Plaintiff did not understand what the "presently no agreement exists" meant.

24. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of <u>Exhibit A</u>.

25. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane*

*v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28. The statement in <u>Exhibit A</u> that "presently no agreement exists," followed immediately for a demand for payment in full is inherently or apparently contradictory.

29. The unsophisticated consumer would have no idea what "presently no agreement exists," means in the context of Exhibit A and may get the impression that she owes nothing.

30. The language is intended to make the consumer call BCW, subjecting her to additional collection efforts.

31. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, to the Complaint in this Action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 24, 2016 and February 24, 2017, inclusive, (e) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e and 1692f.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

5

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 24, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com